UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL T. LINDSAY, JR. AND<br>JOCELYN BUTLER, INDIVIDUALLY<br>AND ON BEHALF OF THE<br>DECEDENT, EARL T. LINDSAY | CIVIL ACTION |
| VERSUS | NO. 16-3054 |
| PORTS AMERICA GULFPORT, INC.,<br>ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is Third-Party Defendant Industrial Development Corporation of South Africa, Limited (IDC)'s motion to dismiss Defendant Cooper/T. Smith Stevedoring Company, Inc. (Cooper)'s third-party complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the following reasons the Court GRANTS IDC's motion and remands the remainder of this case to state court.

## I. BACKGROUND

This case arises out of decedent Earl T. Lindsay's occupational exposure to asbestos and contraction of lung cancer. Plaintiffs, two of Lindsay's surviving children, allege that Lindsay worked as a longshoreman

---

[1] R. Doc. 23.

for several stevedoring companies in the Port of New Orleans from 1954 to 1979.[2] During this period, Lindsay was allegedly exposed to airborne asbestos fibers during the loading and off-loading of cargo that included raw asbestos and asbestos-containing products and materials.[3] Plaintiffs allege that Lindsay developed lung cancer as a result of this exposure and died from the disease on February 18, 2015.[4]

On February 17, 2016, plaintiffs filed this lawsuit in the Civil District Court for the Parish of Orleans against Lindsay's employers, various vessel owners and vessel repair contractors associated with his employment, two insurance companies, and other firms. One of the entities named as a defendant in plaintiffs' state-court petition was IDC. As to most of the named defendants, plaintiffs asserted claims for, among other things, negligence, strict liability, intentional tort, and premises liability. As to IDC, plaintiffs also asserted claims under the Jones Act, 46 U.S.C. § 30104, *et seq.*

One day after filing suit, plaintiffs filed a motion to dismiss all claims asserted against IDC with prejudice.[5] The Civil District Court took no action

---

[2] R. Doc. 1-2 at 38 (List of Lindsay's employers, attached as Exhibit A to plaintiffs' state-court petition).
[3] *Id.* at 20 ¶ 13.
[4] *Id.* at 21 ¶ 19.
[5] R. Doc. 9-3 at 2.

on the motion for nearly three weeks.[6] In the interim, Defendant Cooper filed a third-party demand seeking contribution and/or indemnification from IDC for any damages Cooper owed to plaintiffs in the suit.[7] On March 9, 2010, the Civil District Court judge signed an order granting plaintiffs' motion to dismiss its claims against IDC with prejudice.[8]

According to Cooper, it served the third-party demand on IDC by commercial courier.[9] Cooper and IDC assert, and plaintiffs do not dispute, that a representative for IDC received the third-party demand on March 11.[10] On April 13, IDC removed the entire case to this Court.[11] In so doing, IDC invoked 28 U.S.C. § 1441(d) and the Foreign Sovereign Immunities Act (FSIA), alleging that it is an agency or instrumentality of South Africa.

Plaintiffs then sought to remand the case to state court, or in the alternative, to sever Cooper's third-party claims and remand the main action.[12] The Court rejected all of plaintiffs' arguments for remand as well as

---

[6] *Id.*
[7] R. Doc. 1-2.
[8] R. Doc. 9-3 at 2.
[9] R. Doc. 12 at 2.
[10] *Id.*; R. Doc. 13 at 4; *see also* R. Doc. 12-1 at 1 (FedEx Express shipment and delivery information, attached as Exhibit 1 to Cooper's opposition to plaintiffs' to remand).
[11] R. Doc. 1.
[12] R. Doc. 9.

their request to sever Cooper's claims in its July 14, 2016 order.[13] The Court observed that Cooper's claims against IDC appeared to be an attempt to manufacture federal jurisdiction and lacked merit.[14] Accordingly, the Court ordered IDC to file a motion to dismiss Cooper's third-party claims within twenty-one days of the Court's July 14 order. IDC filed its motion on August 4, and Cooper filed a memorandum in opposition, which also asks the Court to convert IDC's motion to dismiss into a motion for summary judgment.[15]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when a plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiffs. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.

---

[13] *See* R. Doc. 22.
[14] *Id.* at 25-27.
[15] R. Doc. 24.

4

1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

In deciding a motion to dismiss for failure to state a claim, a court may consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion to dismiss that are referred to in plaintiffs' complaint and are central to their claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). If matters outside the pleadings are presented to and accepted by the court, the motion

to dismiss must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

## III. DISCUSSION

### A. Conversion to Motion for Summary Judgment

As a preliminary matter, the Court must address Cooper's argument that IDC's motion to dismiss should be converted into a motion for summary judgment under Rule 12(d). In support of its argument, Cooper states that IDC's motion relies on matters outside the pleadings "in the form of unpublished and unreported decisions" attached to IDC's motion.[16] This argument is without merit. First, the Court may take judicial notice of the decisions attached to IDC's motion and therefore they are not "matters outside the pleadings."[17] *See, e.g., Gray ex rel. Rudd v. Beverly Enterprises-*

---

[16] *Id.* at 4.
[17] For further explanation of what constitutes "matters outside the pleadings," see 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.):

> Most federal courts . . . have viewed the words "matters outside the pleading" as including any written or oral evidence introduced in support of or in opposition to the motion challenging the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings. Memoranda of points and authorities as well as briefs and oral arguments in connection with the motion, however, are not considered matters outside the pleadings for purposes of conversion. The same is true for various types of exhibits that are attached to the pleading, matters of which the district court can

*Mississippi, Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) (noting that courts may take judicial notice of another court's judicial action and the judicial act that the decisions represent). Second, IDC does not rely on these opinions in its motion and the Court need not consider the opinions to resolve this matter. *See* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.) ("As the language of the rule suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings . . . and rely on it, thereby converting the motion, or to reject it or simply not consider it."); *see also Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 194 (5th Cir. 1988) (recognizing district court's options). Accordingly, the Court will not convert IDC's motion to dismiss into a motion for summary judgment.

### B.  Motion to Dismiss

IDC argues that plaintiffs' dismissal of all claims against IDC with prejudice renders Cooper's claims for contribution and/or indemnity void as a matter of both Louisiana and maritime law. Under Louisiana law, a joint tortfeasor benefits from the release of debt or liability of another joint

---

take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are "central" or "integral" to the pleader's claim for relief.

tortfeasor by the tort claimant. *See* La. Civ. Code art. 1803 ("Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor."); *T.J. Trucking, Inc. v. Paxton Nat. Ins. Co.*, 502 So. 2d 1141, 1144 (La. App. 4 Cir. 1987) ("Once a defendant has been released from an action, the remaining defendants in the action have no right to assert a claim for indemnity and/or contribution from the released co-defendant.").

Cooper contends that this rule does not apply to dismissals with prejudice, but both the Fifth Circuit and Louisiana courts have held that it does. They recognize that a dismissal with prejudice has the effect of a full release and eliminates any right of contribution that the joint tortfeasor may have had. *See Luke v. Signal Oil & Gas Co.*, 523 F.2d 1190, 1190 (5th Cir. 1978); *Cargill Ferrous Int'l Div. of Cargill, Inc. v. M/V PRINCESS MARGHERITA*, No. 98-3825, 2001 WL 1426678, at *1 (E.D. La. Nov. 13, 2001) (citing *Luke*, 523 F.2d at 1190)); *Tanner v. Fireman's Fund Ins. Cos.*, 589 So. 2d 507, 514 (La. App. 1 Cir. 1991) ("We conclude that the dismissal with prejudice eliminated any right of contribution DPS might have had against those parties, and therefore find the dismissal to have the force and effect of a full release of the tortfeasors.") (citing *Perkins v. Scaffolding*

*Rental & Erection Serv.*, 568 So. 2d 549 (La. 1990)). Therefore, it is clear that under Louisiana law, plaintiffs' dismissal of claims against IDC with prejudice deprives Cooper of any right to contribution or indemnity.

The same is true under general maritime law. In *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 217 (1994), the Supreme Court held that the proportionate share approach should apply in maritime tort suits against joint tortfeasors. Under this approach, "no suits for contribution from the settling defendants are permitted." *Id.* at 209. This rule has been extended beyond settlements to dismissals with prejudice as well. *See Cargill*, 2001 WL 1426678, at *1. As mentioned above, dismissals with prejudice operate as a full release, *Luke*, 523 F.2d at 1190, and the released party has identical rights as a party to a settlement. *Cargill*, 2001 WL 1426678, at *1. Cooper therefore has no right under maritime law to pursue these claims against IDC. *See id.*

Cooper correctly notes that *AmClyde* did not address claims for indemnity by one defendant against another. Courts have applied the rule from *AmClyde* to claims for tort indemnity. *See Matter of D.N.H. Towing Co., Inc.*, No. 97-1104, 1998 WL 51835, at *2-3 (E.D. La. Feb. 5, 1998) (applying the rule from *AmClyde* to tort claims); *Cargill*, 2001 WL 1426678, at *1 ("Although *AmClyde* did not specifically discuss actions for tort

9

indemnity, it is clear that the analysis is applicable to such a claim."). As Cooper has not put forth any argument as to why *AmClyde* should not apply to claims for indemnity by one defendant against another, the Court will follow the lead of the *D.N.H. Towing* and *Cargill* courts.

Next, Cooper suggests that its claim for indemnity might be contractual.[18] Although *AmClyde* would not appear to apply to claims for indemnity based on a contract, *see Cargill*, 2001 WL 146678, at *1 n.1, Cooper's third-party complaint makes no mention of any contract between IDC and Cooper, much less any specific indemnification clause. Cooper should know if it is a party to a contract with an indemnity clause. Its failure to plead facts indicating that it is a party to such a contract suggests that it could not satisfy Rule 11 if it asserted a contract claim for indemnity. Rule 11 does not permit a party to file an action for contractual indemnity without an indemnity clause or at least a basis to believe the contractual clause exists.

Cooper's final argument is that dismissing its claims against IDC will not only sanction abuse of the Rules of Civil Procedure but also prevent Cooper from adequately defending itself.[19] The dismissal of Cooper's claims against IDC will not harm Cooper's ability to defend itself. Any judgment

---

[18] R. Doc. 24 at 10.
[19] *Id.* at 12-13.

10

that holds Cooper liable to plaintiffs will be reduced by whatever share that is apportioned to IDC (if any), under either Louisiana or maritime law. *See* La. Civ. Code art. 1803; *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1073 n.41 (La. 1992) ("[W]hen a plaintiff in a tort action settles with and releases a joint tortfeasor, . . . the plaintiff's recovery against the non-settling tortfeasor is reduced in an amount reflecting the settling tortfeasor's virile share."); *see also AmClyde*, 511 U.S. at 209 (pointing out that under the proportionate share approach the Court adopted, "nonsettling defendants pay no more than their share of the judgment").

Because Cooper's claims against IDC are invalid as a matter of both Louisiana and maritime law, and because no set of facts could alter this conclusion, Cooper's claims must be dismissed with prejudice.

C. **Remand**

IDC's status as an agency or instrumentality of South Africa was the only potential basis for jurisdiction in federal court,[20] as plaintiffs' complaint presents no federal question, and complete diversity is lacking. The

---

[20] Cooper's suit against IDC also named South African Marine as a defendant. South African Marine has not responded to Cooper's suit, and there is no evidence in the record that South African Marine is an agency or instrumentality of South Africa. Therefore, its status as a foreign entity does not by itself grant the Court jurisdiction over the remainder of this case. Additionally, Cooper's claims would fail against South African Marine for the same reason they failed against IDC.

11

remainder of this case involves plaintiffs' state law tort claims against various defendants. While the Court could exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a), the Court will decline to do so based on the statutory factors of 28 U.S.C. § 1367(c) and common law factors.

Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over "all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The language of section 1367(c) and case law makes clear that this is not a balancing test; any one of the four factors is independently sufficient to justify declining supplemental jurisdiction. *See* 13D Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3567.3 (3d ed.). The Supreme Court has given further guidance, instructing federal courts to

12

consider and weigh the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction over pendent state law claims. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

The Fifth Circuit holds that district courts have "wide discretion" to decline to exercise supplemental jurisdiction over state law claims once all federal claims have been dismissed. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). Additionally, the Supreme Court has noted that when the federal claims are eliminated before trial, the *Carnegie-Mellon* factors will normally "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n. 7.

Here, the section 1367(c) factors, the general rule, and the factors from *Carnegie-Mellon* weigh in favor of declining to exercise supplemental jurisdiction. As for the section 1367(c) factors, the Court has dismissed the claims against IDC, and this was the only arguable basis for original federal jurisdiction. Additionally, all of the remaining claims are state law claims, so state law claims clearly predominate. Furthermore, the *Carnegie-Mellon* factors also suggest that declining to exercise supplemental jurisdiction is appropriate. This case is in its very early stages of litigation, the discovery process has yet to begin, and no trial date has been set. Consequently, the

13

Court has invested little time or resources in adjudicating this case, and judicial economy will not be compromised if the case is remanded. Finally, it cannot be said that requiring the parties, nearly all Louisiana citizens, to litigate in Louisiana state court would be unfair or inconvenient. Therefore, the Court declines to exercise supplemental jurisdiction over the remainder of plaintiffs' case.

## IV. CONCLUSION

For the foregoing reasons, IDC's motion to dismiss is GRANTED, and Cooper's claims against IDC are DISMISSED WITH PREJUDICE. Plaintiffs' remaining claims are remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __18th__ day of November, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE